UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MARIA PRIMIANI, RUDY CRUZ                         Civil Action No. 18-2237

        Plaintiffs,

 -against-

VINTAGE 185 INC. d/b/a VINTAGE WINE BAR AND
BISTRO, JEFFREY RUMMAN, as an individual,

        Defendants.
_____

# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
# DEFENDANTS' COUNTERCLAIMS
# AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION
# FOR LEAVE TO AMEND THE COUNTERCLAIMS

SilvermanAcampora LLP
*Attorneys for Defendants*

Alan B. Pearl, Esq.
Brian J. Shenker, Esq.
100 Jericho Quadrangle, Ste. 300
Jericho, NY 11753
(516) 479-6300

BSHENKER/2206108.1/067058

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………….……………..3

STATEMENT OF FACTS ……………………………………………………….……..3

ARGUMENT ……………………………………………………………………………...6

    I.      Standard of Review ……………………………………………………….6

    II.     Defendants Have Stated a Cause of Action for Defamation ………...…..6

    III.    Defendants Have Stated a Cause of Action for Conspiracy to

           Commit Defamation ……………………………………………………...12

    IV.    Defendants Breach of Duty of Loyalty Claim Should Not Be Dismissed ..12

    V.     The Court Should Grant Defendants Leave to Amend the

           Counterclaims ……………………………………………………………13

           a.  Legal Standard ……………………………………………………13

           b.  Defendants' Proposed Amendment is Not Futile …13

           c.  There Has Not Been Undue Delay, Bad Faith, or Dilatory Motive ….14

           d.  Plaintiffs Will Not be Prejudiced ……………………………………14

CONCLUSION …………………………………………………………………...15

## PRELIMINARY STATEMENT

Defendants Vintage 185 Inc. d/b/a Vintage Wine Bar and Bistro ("Vintage"), and Jeffrey Rumman ("Rumman") (collectively referred to as "Defendants"), submit this memorandum of law in opposition to Plaintiffs' motion to dismiss Defendants' counterclaims.  In addition, this memorandum of law is submitted in support of Defendants' motion to amend Defendants' Answer and Counterclaims pursuant to Federal Rule of Civil Procedure 15(a).

## STATEMENT OF FACTS[1]

Plaintiffs, former employees of Vintage, filed a Complaint against Defendants on April 16, 2018.  (See Complaint, **Exhibit A**, Shenker Decl.).   The Complaint sets forth claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and wage notice and wage statement claims under the Wage Theft Prevention Act.

On June 8, 2018, Defendants filed an Answer with Counterclaims.  (See Answer with Counterclaims, **Exhibit B**, Shenker Decl.).   In addition to denying Plaintiffs' unfounded wage and hour allegations, Defendants asserted counterclaims for (i) defamation, (ii) conspiracy to commit defamation, and (iii) breach of duty of loyalty.

As set forth in the counterclaims, Plaintiffs posted, or caused to be posted, fraudulent posts online with the specific intent to harm Defendants' business.  The posts were made under the name Jennifer Wilson.  Both posts were made on May 21, 2018, less than one (1) week after the Complaint was filed.  The first post states:

---

[1] Unless otherwise indicated, all facts set forth in this section come from the Answer with Counterclaims and the Declaration of Jeffrey Rumman dated July 26, 2018).

> Today I was enjoying another lovely day and stopped into Vintage to have a class of wine at the bar.  However as I was on my way to the restroom I actually overheard the owner, big bald guy who typically sits at the end of the bar if you've ever been there yet, talking about how is employees are suing him over shift pay…in a restaurant with people around!!  Save this information for a more private conversation, as it doesn't reflect well on business.  As an attorney I can promise you I will not be returning to give this man business if he can't even afford to pay his staff the correct and legal way.  Furthermore I wish the employees the best and left a wonderfully large tip for my bartender.

(See **Exhibit A**, Rumman Decl.).  The second post states, "This place is awful.  Service is great but bald guy at the end of the bar is a creep."

In fact, all of the facts set forth in the posts are fraudulent and were created by Plaintiffs in a scheme to harm Defendants' business.  On or about May 21, 2018, Plaintiff Mike Burns texted a screenshot of the first post to the other Plaintiffs.  (See **Exhibit A** to Rumman Decl.).  Thereafter, the following text exchange between Plaintiffs occurred:

> **Brittany Hildebrandt**[2]:  Yes but who was that person who posted
>
> **Mike Burns**: It's all good lol
>
> **Hildebrandt**:  Can she be linked to you
>
> **Burns**:  No, she won't be linked back to me. I thought about that also, I wanted to make sure that nothing would be done that could harm our case, just in case anything happens.
>
> **Hildebrandt**:  Our lawyer said point blank Jeff's lawyer is expensive and has a shit ton of experience.  Childish things like that, no offense can ruin everything.  Even though we all love it.  Personally I think the post should be taken down unless your friend was actually in the restaurant and has a receipt to prove it from that day.  Sorry if I'm being bitchy lol. I love you @ Mike Burns.

---

[2] Hildebrandt and Burns are Plaintiffs against Defendants in a lawsuit that is virtually identical to the instant action.  Plaintiffs Cruz and Primiani were also on the same text change and participated in the texting.  The same motion to dismiss and same opposition to such motion have been filed in that action.  See Burns et al. v. Vintage 185 Inc. et al., Civil Action No. 18-2893 (ADS)(AKT).

> **Burns**: It was a completely new account that can't be linked to anyone that a friend made for that review. (See **Exhibit A,** Rumman Decl.).

The text exchange continues:

> **Burns**: Very true, all things reconsidered the post has been modified and she came up with a better idea.
>
> **Burns**: Drop that review sometime during the day for like an hour then change it.
>
> **Burns**: Let him see it and then never be able to find it again cuz it doesn't exist.
>
> **Burns**: I'm sure he must get notified of reviews.
>
> **Hildebrandt**: Yea that was my point. And his lawyer is probably on the look out for a review that seems like it is from an employee via friend. Anything like that adds to his defense, whether it is directly from us or not.
>
> **Hildebrandt**: He's so anal about that shit you know he sees everything.
> **Hildebrandt**: And if it was a brand new account like you said that raises red flags.
>
> **Rudy Cruz**: Don't give Jeff the ability to screenshot it though @ Mike Burns. (See **Exhibit A**, Rumman Decl.).

The text exchange goes on:

> **Burns**: Don't worry guys if jeff wants to play games I'll change the rules and not even tell him.
>
> **Burns**: I've got friend all over from all different walks of life and all different income brackets.
>
> **Burns**: I'll get him bad reviews from business man in three piece suits then have him jumped in the parking lot by the homies.
>
> **Burns**: Have bitches catfishing his vile ass.
>
> **Burns**: Fuck with me Jeff see how it turns out.
>
> **Lauren Maiorino**: YESS MIKE ILY.
>
> **Rudy Cruz**: This pleases me. (See **Exhibit A**, Rumman Decl.).

In another text message, Plaintiff Mike Burns states:

> **Burns**: And even if he did somehow wind up with a screen shot it would['n]t mean shit if there's no physical post still up for them to find as proof, he could write his own fake review, screen shot it and delete and say someone else posted it. (See **Exhibit A**, Rumman Decl.).

## ARGUMENT

### I. Standard of Review

A motion to dismiss counterclaims is governed by the same standard for determining a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. *See Wells Fargo Bank Northwest, N.A. v. TACA Int'l Airlines, S.A.*, 247 F.Supp.2d 352, 363 (S.D.N.Y. 2002). Under that standard, the court must liberally construe the counterclaims, accepting as true the facts alleged, and may dismiss the claims only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In reviewing the motion to dismiss, all reasonable inferences must be drawn in the counterclaimant's favor. *Bolt Electric, Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).

### II. Defendants Have Stated a Cause of Action for Defamation

Under New York law, the elements of a defamation claim include: (1) a false and defamatory statement of fact, (2) of and concerning the claimant, (3) the publication of the statements to a third party, and (4) injury to the plaintiff. *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 61 (2d Cir. 1993); *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F.Supp. 1108, 1122 (W.D.N.Y. 1996).

Plaintiffs' sole basis for dismissal is on the first element of Defendants' defamation claim. Plaintiffs allege that the statements at issue are purely opinion and thus not actionable. Plaintiffs are mistaken.

An individual may only be held liable for defamatory statements of fact, since opinions by their nature cannot be proven true or false. *Daniels v. Kostreva*, 2017 U.S. Dist. LEXIS 5534, at *16 (E.D.N.Y. Jan. 12, 2017); *Jewell v. NYP Holdings, Inc.*, 23 F.Supp.2d 348, 374 (S.D.N.Y. 1998). Accordingly, "only a provable statement of fact is actionable as defamation." *Id.*; *citing Brahms v. Carver*, 33 F.Supp.3d 192, 198 (E.D.N.Y. 2014). In addition, "statements that constitute 'mixed opinions' – those that appear to be an opinion formed on the basis of underlying facts unknown to the reader – are also actionable under New York law." *Id.*; *citing Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289 (N.Y. 1986).

In determining whether the alleged defamation includes statements of fact or opinion, New York courts consider "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context an4d surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact." *Id.*; *citing Flam v. American Ass'n of Univ. Women*, 201 F.3d 144, 153 (2d Cir. 2000).

In the instant matter, this analysis is very simple. As corroborated by the text messages from Plaintiff Mike Burns and other Plaintiffs, it is indisputable that the 2 posts are false statements of fact. The text messages are an admission that (1)

Jennifer Wilson never "stopped into Vintage to have a glass of wine at the bar", and (2) Jennifer Wilson did not overhear the owner of Vintage make any statement about employees of Vintage because she was not in the bar. These are clear-cut statements of fact that are patently false.

There is no question that the statements are of fact and not opinion. First, the post states "Today I was enjoying another lovely day and stopped into Vintage to have a glass of wine at the bar." This is clearly a false statement of fact. Second, "However, as I was on my way to the restroom I actually overhead the owner, big bald guy who typically sits at the end of the bar if you've ever been there, talking about how his employees are suing him over shift pay." Again, Plaintiffs admit in their text messages that this is a false statement of fact since this individual never went to Vintage and never overhead Mr. Rumman make such a statement. There is no doubt that these statements are "capable of being proven or disproven, and thereby are actionable" in this suit. *Kostreva*, 2017 U.S. Dist LEXIS 5534, at *20. These are ""simple statements easily understood by any reader." *Id*. Plaintiffs used very precise speech and wholly fabricated an experience at Vintage to maliciously injure the reputation of Defendants.

Even if the Court construed the statements as setting forth opinion as well as facts, there is no doubt that the opinion is based upon entirely fabricated facts. In order for the statement to be protected from liability, "the statements must be premised on *true* facts expressly outlined in the statement. *See Flowers v. Carville*, 310 F.3d 1118, 1129 (9th Cir. 2002) ("We have held that when a speaker outlines the factual basis for his conclusion, his statement is protected. This assumes, however, that the factual basis itself is true. Where a publication sets forth the facts underlying its statement of

opinion . . . and *those facts are true*, the constitution protects that opinion from liability for defamation. A speaker can't immunize a statement that implies false facts simply by couching it as an opinion based on those facts."); *see also Sztulman v. Donabedian*, 2015 R.I. Super. LEXIS 94, at *10-31 (Super. Ct. R.I. July 24, 2015) (holding that an online review from a competitor could be defamatory because it was based on false facts which could be proven by evidence at trial; the statements gave a potential reader the impression that the competitor was a former customer of the owner's business, where in reality, she never went there). Similarly, Plaintiffs couched their statement as a former customer, whereas they actually were not customers and Jennifer Wilson, had not actually been to Vintage.

Further, Plaintiffs in their text message chain, admit that the purpose of the post was to harm Defendants. Plaintiff Mikes Burns wrote:

> Idk like the act that he's annoyed that people are standing up to him just pushed me over the edge, before I kinda just felt like we all had to stand together and teach him this is not okay, but now that he's just proving he'll never learn I don't want teach him anything, **I want to ruin him**.

(emphasis added) (See **Exhibit A**, Rumman Decl.). The intent and malice is palpable. Plaintiffs want people to believe that Jennifer Wilson, a supposed attorney, was actually present at Vintage and actually overheard Mr. Rumman make statements about employees suing him. However, all of those facts are false. As such, Defendants' defamation claim is clearly actionable.

Furthermore, Plaintiffs have intentionally misled the Court in their motion to dismiss:

> First, there is no nexus to the Plaintiffs. The review claims to be by an attorney – Jennifer Wilson, and there is no basis for Defendants to assert that any Plaintiff, or all Plaintiffs, had a role in this review.

(See Plaintiff's Memorandum of Law in Support, p. 5). This misrepresentation claiming the Plaintiffs had no involvement in the posting of the statements bring Rule 11 into play. Pursuant to FRCP 11(b)(3) and (4), Plaintiffs knowingly made a statement to the Court even though they knew it to be false. The only conclusion is that Plaintiffs are misleading the Court in an attempt to conceal their unlawful conduct.

Finally, at worst, the post is one of "mixed opinion" which is still actionable. When "the statement of opinion implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, it is a 'mixed opinion' and is actionable." *Steinhilber*, 68 N.Y.2d at 289; *Hotchner v. Castillo-Puche*, 551 F.2d 910, 913 (2d Cir. 1977). "The actionable element of a 'mixed opinion' is not the false opinion itself – it is the implication that the speaker knows certain facts, unknown to his audience, which support his opinion and are detrimental to the person about whom he is speaking." *Id.*; *see Silsdorf v. Levine*, 59 N.Y.2d 8, 14 (1983) (Where the complaint alleged not only that the opinion was defamatory but that the accompanying recitation of facts upon which it was based was either a "gross distortion" or "misrepresentation of fact"). Here, Defendants have set forth that the statement was defamatory and that it is a misrepresentation of fact since Jennifer Wilson was never in the bar and could never have overheard what it is claimed that Mr. Rumman stated.

With respect to the cases cited by Plaintiffs regarding the online forum and reviews of restaurants, all of the cases are distinguishable from the instant action. While the cases cited by Plaintiffs state that each matter should be analyzed individually and that no blanket rules apply, Plaintiffs misstate the holdings in claiming that blanket exceptions apply to defamation claims.

First, Plaintiff cites to *Mr. Chow of New York v. Ste Jour Azur S.A.*, claiming that all restaurant reviews are purely opinion statements. Contrary to Plaintiffs' claim, there is no such broad rule. Moreover, in *Mr. Chow*, the court was discussing opinions about "the quality of a restaurant or its food." 759 F.2d 219, 227 (2d Cir. 1985). That is not the case here. Most significant, *Mr. Chow* did not involve individuals posting a fake review – i.e. not having even been at the restaurant and falsely claiming they had been there and making up a story. Indeed, this is what occurred in the present case and those factual statements are clearly able to be proven false.

Second, Plaintiffs claim that since the posts are in the Google review section that they can only be opinion. This case is clearly distinguishable from *Galland v. Johnston*, 2015 WL 1290775, *12 (S.D.N.Y. 2015). The *Galland* court did not even set forth what the statements were that it deemed pure opinion. *Id*. Further, in Galland there was no indication that it was an entirely fabricated false statement. *Id*. That is a far cry from this case where the post can be proven false since numerous factual statements are indisputably fictitious.

Third, Plaintiffs would have this Court rule that no statements on the internet could be found defamatory – however, that is not the existing law. Neither of the cases cited by Plaintiff (Sandals *Resorts Intern. Ltd. v. Google, Inc.* and *Bellavia Blatt & Crosset, P.C. v. Kel & Partners LLC*), involved situations like the instant matter, and thus are distinguishable. Moreover, in each case the court determined that the statements were pure opinion based upon the language used before looking to the context. Here, there is no disputing that the statements are entirely fabricated.

In sum, none of the cases cited by Plaintiffs involve situations where someone fabricated a factual statement which can be proven to be false.

### III. Defendants Have Stated a Cause of Action for Conspiracy to Commit Defamation

For the reasons above regarding why Defendants have stated a cause of action for defamation, Defendants' conspiracy claim should not be dismissed.

### IV. Defendants' Breach of Duty of Loyalty Claim Should Not be Dismissed

It is baffling that Plaintiffs' claim the breach of duty of loyalty claim should be dismissed as duplicative of the defamation claims while also asking the Court to dismiss the defamation claims. Regardless, the breach of duty of loyalty claim is not duplicative and the loyalty claim provides for entirely separate and distinct relief to Defendants.

An employee found to have breached his or her duty of loyalty is liable to the employer for reimbursement of all wages paid to the employee during the time of disloyalty, is barred from seeking any allegedly unpaid wages during the time of disloyalty, and may be liable for other damages suffered by the employer as a result of the employee's misconduct. *Zakresky v. Graduate School of Fig. Art*, 24 Misc.3d 1245(A) (Sup. Ct. N.Y. 2009). In each of the cases cited by Plaintiffs, the "duplicative" claims involved claims that each sought the very same relief as one another. This case is different. As such, there is no basis to dismiss the claim as duplicative of the defamation claims since it seeks entirely different relief.

Next, it is clear that Defendants' claim falls within the scope of breach of duty of loyalty claims recognized by New York courts. Plaintiffs, as evidenced in their texts, sought to harm Defendants' reputation and business, knowing that potential customers

often research a restaurant or bar online before deciding whether to patronize the establishment. Thus, Plaintiffs' conduct was clearly designed to divert business opportunities away from Defendants and to other restaurants or bars, specifically to the financial detriment of Defendants. This is a classic case of employee disloyalty and Plaintiffs' arguments are baseless.

**V. The Court Should Grant Defendants Leave to Amend the Counterclaims**

Defendants cross-move for leave to amend their counterclaims to add a claim for tortious interference with prospective business advantage. As set forth in the attached Proposed Amended Answer with Counterclaims (See **Exhibit C**, Shenker Decl.),

**a. Legal Standard**

Rule 15(a) of the FRCP states in relevant part, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In the Second Circuit, a party should be allowed to amend the pleadings in the absence of a showing by the nonmovant of undue delay, bad faith, futility or prejudice. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005).

**b. Defendants' Proposed Amendment is Not Futile**

Under Rule 15(a), the Court may deny leave to amend if the amendment would be futile. See Fed. R. Civ. P. 15(a). A proposed amended pleading is futile when it fails to state a claim for relief. *Health-Chem v. Baker*, 915 F.2d 805, 810 (2d. Cir. 1990). Defendants' proposed amended counterclaim is not futile because Plaintiffs clearly interfered with Defendants' prospective business relations with individuals who read

Plaintiffs' fraudulent posts. The Plaintiffs admittedly acted for a wrongful purpose( i.e. Mike Burns' statement that "I want to ruin him."). Plaintiffs' acts were intentionally designed to hurt Defendants' business by dissuading readers of the posts to patronize the business:

> **Burns**: I'll get him bad reviews from business man in three piece suits then have him jumped in the parking lot by the homies.
>
> **Burns**: Have bitches catfishing his vile ass.
>
> **Burns**: Fuck with me Jeff see how it turns out.

(See **Exhibit A,** Rumman Decl.). In fact, Defendants' business has suffered as a result of Plaintiffs' wrongful conduct.

### c. There Has Not Been Undue Delay, Bad Faith, or Dilatory Motive

Defendants have not delayed in moving to amend the counterclaims. In fact, less than 30 days have passed since the filing of the original counterclaims. The amendment will not cause delay as discovery has not even begun. Where courts have found "no evidence that the [movants] have intentionally delayed amending their complaint as a strategic matter," leave to amend is typically granted. *See Haddock v. Nationwide Fin. Servs. Inc.*, 514 F.Supp.2d 267, 271 (D.Conn. 2007); (*see also Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198-99 (S.D.N.Y. 2014) (filing of a motion to amend three (3) months after close of the opt-in period neither excessively delayed nor in bad faith).

### d. Plaintiffs Will Not Be Prejudiced

Plaintiffs will not be prejudiced by the amendment as the proposed amendment "does not raise factual claims unrelated to the events in the original complaint. Rather,

the proposed amended complaint simply seeks to add a claim against the parties already involved in this litigation. There are no grounds for finding that Plaintiffs will be prejudiced by an amendment of the counterclaims.

## CONCLUSION

For the reasons stated above, Defendants respectfully request the Court deny Plaintiffs' motion to dismiss the counterclaims in its entirety and grant Defendants' cross-motion to amend the counterclaims.

Dated: July 27, 2018
      Jericho, New York

                                  SilvermanAcampora LLP
                                  *Attorneys for Defendants*

                          By:    /s/
                                  Brian J. Shenker, Esq.
                                  100 Jericho Quadrangle, Suite 300
                                  Jericho, New York 11753
                                  (516) 479-6300
                                  bshenker@sallp.com

To:   Raymond Nardo, Esq. (via ECF)
        Raymond Nardo, P.C.
        129 Third Street
        Mineola, NY 11501
        raymondnardo@gmail.com